Phillip Michael SCHEMEL, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

No. EV 66-C-58.

United States District Court
S. D. Indiana,
Evansville Division.

Nov. 28, 1966.

William J. Marshall, Princeton, Ind., for plaintiff.

Thomas M. Scanlon, Anton Dimitroff, and Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for defendant.

## MEMORANDUM OPINION

DILLIN, District Judge.

This cause comes before the Court for ruling on the motion of the defendant, General Motors Corporation, to dismiss plaintiff's personal injuries action for failure to state a claim upon which relief may be granted. It has been fully briefed.

The novel theories presented by plaintiff's complaint are (1) that the defendant is under a duty to the motoring public, including plaintiff, to refrain from manufacturing and putting into the stream of commerce motor cars with a capacity for being operated at speeds in excess of one hundred miles per hour, and (2) that the defendant is under a duty to refrain from advertising its motor cars in such terms as to incite irresponsible and reckless drivers to drive at speeds in excess of such arbitrarily selected limit.

The facts pleaded, which we must assume to be correct for purposes of the motion, are that the automobile in which plaintiff was riding as a passenger, while being operated on a public highway at a speed of approximately 55 miles per hour, was struck from the rear by a Chevrolet Impala automobile manufactured by defendant and being driven by one Michael N. Bigham at a speed of approximately 115 miles per hour. Plaintiff was severely and permanently injured as a proximate result of the collision. The defendant is alleged to have been negligent in designing, manufacturing, selling and distributing an automobile capable of being operated by an ordinary consumer, such as Bigham, at such a speed; in failing to install a governor making such a speed impossible in the hands of such a consumer; in designing, etc., the automobile "in such a manner as to release upon the general public a machine which was much more dangerous than was reasonable or necessary;" and by encouraging irresponsible persons, including Bigham, to drive in excess of 100 miles per hour by mass media advertising emphasizing and suggesting the super high speed capabilities of its vehicles.

The question as to whether a manufacturer of motor cars owes to motorists either or both of the duties alleged presents an issue of law for the Court. Evans v. General Motors Corporation, 7 Cir., 1966, 359 F.2d 822, cert. den. Oct. 10, 1966, 385 U.S. 836, 87 S.Ct. 83, 17 L.Ed.2d 70; Union Traction Co. of Indiana v. Berry, 1919, 188 Ind. 514, 121 N.E. 655, 124 N.E. 737, 32 A.L.R. 1171. We conclude that neither duty exists, and hence grant defendant's motion to dismiss.

We consider the holding of the Seventh Circuit Court of Appeals in *Evans* to be dispositive of plaintiff's first contention that defendant had a duty to refrain from manufacturing and selling cars capable of speeds in excess of 100 miles per hour, unless equipped with a governor in the case of sales to the "ordinary consumer." In that case the contention was that General Motors was negligent in its design of a station wagon, in that the vehicle was designed with an "X" frame which did not have side frame rails to protect a driver involved in a side impact collision; the driver in that case was involved in such a collision, and received fatal injuries therefrom, allegedly because the left side of the vehicle collapsed upon her as a result of such design. It is noteworthy that in *Evans* the injury occurred precisely in the manner which the manufacturer could have foreseen, yet the Court of Appeals affirmed the judgment of this Court dismissing the action, holding that there is no duty to make an automobile "more safe" when the danger to be avoided is obvious to all, so long as it is reasonably fit for its intended use.

*A fortiori* there could be no common law duty on a manufacturer to restrict its vehicles to a particular speed, since the possible harm to be anticipated (more accidents and more severe accidents) cannot be predicted to happen in any certain way or at any certain speed. Operating an automobile in excess of the maximum safe speed or posted limits, is illegal *per se*, in the absence of a justifiable excuse therefor. Simply because

a certain amount of such illegal operation may be anticipated by the manufacturer does not impose a duty on him to make it impossible, any more than a manufacturer of guns or knives would have a duty to make impossible the wrongful use of its potentially lethal products.

The problem of devising standards of safety for the manufacture of automobiles is a legislative problem. Evans v. General Motors Corporation, supra; Campo v. Scofield, 1959, 301 N.Y. 468, 95 N.E.2d 802. As plaintiff points out in his brief, the Committee on Commerce of the United States Senate held lengthy public hearings on the question of automobile safety in March and April, 1966, and considered, among other things, limitation of the designed maximum speed of automobiles. He omits to state, however, that the National Traffic and Motor Safety Act (P.L. 89–563), 80 Stat. 718, enacted by the recent Congress as a result of such hearings, does not attempt to regulate such designed maximum speed. Obviously, if regulation in this area is to come—and we do not say it should not—it should come in the form of an act which would apply a uniform national standard to a highly centralized national industry, and not be hammered out, higgledy-piggledy, on a case to case basis with all of the disparity which would inevitably result.

As to plaintiff's contention regarding the defendant's alleged method of advertising, it is apparent that if it has the legal right to manufacture automobiles capable of attaining high speeds, it has the right to advertise its merchandise accordingly. Whatever else may be said about it, such advertising is at least truthful. As to the possible adverse effect of defendant's advertising on the driving habits of its customers, it seems to us that such a theory is altogether too speculative to support a legal cause of action.

Accordingly, plaintiff's action is dismissed, with prejudice, at plaintiff's costs.