211 So.2d 54 (1968)
Carl R. NOONAN, Appellant,
v.
BUICK COMPANY, a Division of General Motors Corporation, a Delaware Corporation, Appellee.
No. 67-874.
District Court of Appeal of Florida. Third District.
May 28, 1968.
Rehearing Denied June 26, 1968.
*55 Highsmith & Ezzo and James O. Nelson, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
PEARSON, Judge.
The plaintiff appeals a final judgment dismissing his complaint. The complaint sounded in tort and alleged that defendant-appellee, Buick Company, sold appellant a negligently manufactured Opel Kadett automobile and that appellant was injured because of appellee's negligence. The crucial allegations of the complaint are:
"6. On or about April 3, 1966, at approximately 10:25 P.M., the plaintiff was operating the aforesaid automobile over and upon Pine Island Road in Lee County, Florida, when plaintiff's three year old son, who was a passenger in the right front seat, grabbed the steering wheel causing the said automobile to veer sharply to the right and begin to skid.
"7. At the aforesaid time and place the plaintiff quickly turned the steering wheel to adjust for the skid and to control the direction of said automobile at which time the driver's seat, in which plaintiff was seated, suddenly catapulted him forward and upward causing plaintiff's head to strike the frame and roof of said automobile, thereby rendering the plaintiff unconscious and unable to control the direction, movement and speed of said automobile, and, as a result thereof the said automobile left the roadway, overturned and seriously injured the plaintiff as is hereafter more fully alleged.
"8. The aforesaid accident and injury to the plaintiff was a direct and proximate result of the defendant's negligence and carelessness in that the defendant knew or in the exercise of reasonable care should have known that any sudden, erratic movement of said automobile would cause the driver's seat to thrust upward and forward, and having such knowledge the defendant carelessly and negligently failed to properly secure said seat to the floor or provide a locking mechanism therefor."
The trial judge dismissed the complaint with prejudice upon the ground
"* * * that it affirmatively appears from the allegations of the complaint that the proximate cause of the accident complained of was the act of the plaintiff's minor son and that said act was not reasonably foreseeable by the defendant."
We think that the test of foreseeability applied by the trial court was overruled in *56 Pinkerton-Hays Lumber Company v. Pope[1] when the Supreme Court of Florida clarified an opinion of the District Court of Appeal, First District. The District Court of Appeal had applied the test of foreseeability upon which the trial judge in the instant case relied. See Pope v. Pinkerton-Hays Lumber Co., Fla.App. 1960, 120 So.2d 227. The Supreme Court set out the nature of the test to be applied. It is as follows:
"The error into which the District Court fell was the subjective application of the objective test of foreseeability as pronounced in the Cone case. The language in question was intended to convey the notion that foreseeability depends in part on whether the type of negligent act involved in a particular case has so frequently previously resulted in the same type of injury or harm that `in the field of human experience' the same type of result may be expected again. The test was not intended to, nor do we think it does, imply that a plaintiff, in order to recover in a negligence action, must prove that the particular causative act had frequently occurred before, and that it had frequently resulted in the same particular injury to the plaintiff. Yet this is the application which was given to the rule in the quoted portion of the District Court of Appeal's opinion. Without resorting to extreme example, a moment's reflection will bring to mind many circumstances where the application of such rule would preclude recovery by a plaintiff, even though the injury might be readily foreseeable."[2]
When we apply the foregoing test of foreseeability to the allegations contained in plaintiff's complaint, we think it cannot be said that as a matter of law plaintiff's claimed injury was not a foreseeable result of the allegedly negligent failure to secure the seat to the floor properly or provide a locking mechanism for the seat.
We do not think that the complaint is subject to dismissal upon the ground that the act of plaintiff's minor son was an independent intervening cause of the injury. The act of the child is alleged to have occurred before the emergency situation arose and to have been the cause of the emergency situation.
The complaint alleges negligent manufacture which the appellee ought to have foreseen might cause injury in an emergency situation. A jury could find that the appellant's injury resulted from appellee's alleged negligence and not the act which caused the emergency situation.
The complaint alleges facts which when accepted as true and when aided by reasonable inferences are sufficient to require an answer. Cf. Kathleen Citrus Land Co. v. City of Lakeland, 124 Fla. 659, 169 So. 356 (1936); Keel v. Independent Life & Accident Ins. Co., Fla. 1957, 99 So.2d 225; Cole v. Exchange National Bank of Chicago, Fla. 1966, 183 So.2d 195.
Reversed.
NOTES
[1] 127 So.2d 441 (Fla. 1961).
[2] Id. 442-443.