233 So.2d 797 (1970)
FORD MOTOR CO.
v.
Laverne Bryant SIMPSON.
No. 45740.
Supreme Court of Mississippi.
April 6, 1970.
Watkins & Eager, Elizabeth Hulen, Jackson, for appellant.
Farese, Farese & Jones, Ashland, John W. Bryant, Jr., Holly Springs, for appellee.
JONES, Justice:
Appellee sued appellant and recovered judgment in the Circuit Court of Benton County. Hence, this appeal. We reverse and enter judgment for appellant.
The suit is for damages because of personal injuries received by appellee while riding in a 1966 Ford pickup truck, operated by W.T. Simpson. A car driven by a young lady approached from the opposite direction, swerved to her left toward the truck, and into the lane in which the truck was traveling. The said truck was thereupon pulled off of the road and stopped. The automobile, nevertheless, drove headon into the vehicle where appellee was riding. It was alleged that appellee was thereby thrown violently forward and her knee struck the heater of the truck, located under the dashboard, causing injury. There is no dispute as to the facts.
The case was settled as to the driver of the other vehicle and proceeded against appellant on the theory of negligent design by the appellant; that the said heater was negligently placed where injury could result if an accident occurred to the car.
After the case was tried and appealed here, but before hearing, this Court decided Walton v. Chrysler Motor Corporation, et al., 229 So.2d 568 (Miss., Dec. 15, 1969), where an election was made as to which of two lines of authorities we would follow.
The facts there are very similar to these, in that a car collided with Walton's car, but are stronger toward liability than the instant case. There a car ran into the back of Walton's car while it was stopped; Walton was propelled backwards and then forward. A screw holding a nylon plate onto the seat was sheared, causing the plaintiff to be thrown into a prone position *798 and then forward against the steering wheel, receiving serious injuries.
The manufacturer was sued for negligent design and for manufacturing a seat which was not reasonably safe for its intended use.
Settlement was made with the driver of the other car.
As here, there was no issue as to the facts.
It was stated that the issue was whether the strict liability rule as to manufacturers would be extended to instances where the alleged defect in the car or its design did not cause the initial accident.
It is clear that the claimed defect did not cause the initial accident in this matter. It can not be said that had the appellee been thrown from the car and struck a tree stump off of the road, that the stump was any part of the cause of the collision; so with the heater.
In the Walton case, it was held:
The appellant in the instant case contends that it is the duty of the manufacturer to foresee accidents, and to design its vehicles so as to reduce the possibility of injury to the users of their products. Stating the argument differently: the manufactured product must be reasonably fit for its intended use, free of hidden defects that could render the product unsafe for highway use. It is then argued that it was well known to the manufacturer that automobiles will be "bumped" or "rammed from the rear" and that many persons are being killed, hurt and injured by accidents similar to the accident here involved, and that the manufacturer could reasonably foresee that the plaintiff would be injured as a result of the dangerous and faulty design of its product. It was therefore liable to the plaintiff, although the defect in the design of the automobile did not cause the accident, but added to the seriousness or gravity of the injury.
There is no contention in the instant case that the automobile driven by the plaintiff was not safe for its ordinarily intended use, or that the "bumper" on the seat was not sufficiently strong for ordinary highway use of the automobile at the time it left the factory.
We have set out the contention of the plaintiff in detail, together with the authorities relied upon, because we are confronted with a choice of paths to be followed in the future by this Court.
Our study of the authorities (cases, texts and law articles) has led us to the conclusion that the great weight of authority is against the theory presented by the appellant. * * * (citing authorities)
We are of the opinion that the automobile manufacturer is not an insurer against the possibility of accidental injury arising out of the use of its product. * * * (citing authorities)
Although it is true that the manufacturer is liable for defects in its product which cause injury arising out of the intended use for which the product is manufactured  we are, nevertheless, of the opinion, and so hold, that an automobile manufacturer is not liable for injury arising from defects in the automobile which did not cause or contribute to the cause of the accident, such as a rear-end collision. This is true although such accident may have been foreseeable as a misuse of the manufactured product. * * *
* * * * * *
The adoption of the legal theory propounded by the plaintiff would require this Court to establish by judicial order a new duty not contemplated by common law and not sanctioned by case history. What standards of duty or reasonableness of design would we require, and how could the judiciary police the industry? These questions are unanswerable. The courts have no machinery to *799 inspect and police industry so as to require compliance with detailed design of products. 229 So.2d at 572-573.
If every state decided what part of an automobile was negligently designed, the manufacturers might be required to have fifty different models of its cars  one for each state. This, of course, would be ridiculous.
Having decided the course we shall follow, and this controversy not being within that lane of travel, we can only reverse and enter judgment here for appellant.
Reversed and judgment here for appellant.
GILLESPIE, P.J., and RODGERS, BRADY and SMITH, JJ., concur.