244 So.2d 726 (1971)
GENERAL MOTORS CORPORATION
v.
Hugh Vernon HOWARD.
No. 46105.
Supreme Court of Mississippi.
February 22, 1971.
*727 Thornton & Mikell, Kosciusko, Williams, Gunn, Eppes & Crenshaw, Meridian, for appellant.
Crawley & Ford, Kosciusko, for appellee.
BRADY, Justice:
This is an appeal from the Circuit Court of Attala County, Mississippi, wherein a judgment of $50,000 was rendered in favor of the appellee in regard to a products liability suit filed by the appellee against the appellant. From that verdict this appeal is taken.
The appellee owned a 1967 Chevrolet C-10 pickup truck, manufactured by the appellant. This truck was involved in a violent and severe angular collision with a Mack tractor and trailer loaded with 70,000 pounds of corn. The accident took place just outside the corporate limits of the city of Kosciusko, Mississippi, at a "Y" intersection. As a result of the collision, the appellee initiated proceedings against the driver and owner of the Mack unit and received the sum of $8,500 for his injuries allegedly sustained in the said accident. Thereafter this action was brought against the appellant on the theory that the appellee would have sustained less severe injuries in the collision if the appellant manufacturer had designed or produced its vehicle in a manner more conducive to the safety of the appellee. The appellee contends that the truck was advertised to have been equipped with a telescopic steering column and that the appellant was liable because, as a result of the accident, the appellee struck the steering wheel, which had not telescoped, with his head and chest, which resulted in permanent injuries.
The appellant contends that no duty is imposed upon it to produce vehicles which will be safe to collide or which are accident proof or incapable of injurious misuse. The appellant requested peremptory instructions at the end of the appellee's testimony and after both parties had rested, both motions were denied. The jury returned a verdict for the appellee in the amount of $50,000. From that verdict this appeal is taken. Exceptionally fine briefs were filed in this cause which was argued ably by counsel representing the litigants.
The appellant assigns fifteen errors which relate to the admissibility of the evidence, to the instructions, peremptory and general, to jury selection, to the overwhelming weight of evidence, and to a grossly excessive verdict evincing bias, passion and prejudice. We have carefully reviewed each of the fifteen errors assigned as discussed in briefs of counsel and we reach the conclusion that all of the errors can be synthesized into one basic issue of law, namely, did the lower court err in failing to grant a peremptory instruction to the appellant as a matter of law under the rule operative in Mississippi?
The record discloses indubitably that the appellee was proceeding in a northerly direction as he drove the C-10 Chevrolet truck on State Highway 35 into Highways 14 and 19, en route to Kosciusko. Appellee was entering the west or left side of the "Y" intersection as he proceeded north traveling at a rate of speed of twenty-five miles per hour. To the east and to appellee's right, the Mack truck and trailer was proceeding in a southwesterly direction and was loaded with thirty-five tons of corn and traveling at thirty miles per *728 hour. A stop sign placed in the angle of the intersection required the operator of the Mack truck to stop, and northbound traffic on Highways 35, 14 and 19 at the "Y" intersection had the right-of-way. The Mack truck wholly failed to stop but continued and crashed into appellee's Chevrolet truck, striking it on the right front side, enmeshing it and carrying it a distance of 135 feet over the highway onto the wide shoulder and beyond.
The appellant assigned as controlling authority on this appeal the case of Walton v. Chrysler Motor Corporation, 229 So.2d 568 (Miss. 1969), and the case that followed it, Ford Motor Company v. Simpson, 233 So.2d 797 (Miss. 1970). These cases are almost factually comparable to the case at bar, and this Court, speaking through Justice Rodgers, in Walton v. Chrysler Motor Corporation, supra, held:
We are of the opinion that the automobile manufacturer is not an insurer against the possibility of accidental injury arising out of the use of its product. * * * (Citing authorities.)
Although it is true that the manufacturer is liable for defects in its products which cause injury arising out of the intended use for which the product is manufactured  we are, nevertheless, of the opinion, and so hold, that an automobile manufacturer is not liable for injury arising from defects on the automobile which did not cause or contribute to the cause of the accident, such as a rear-end collision. This is true although such accident may have been foreseeable as a misuse of the manufactured product. 229 So.2d at 572. (Emphasis added.)
Appellee conceded in its answer to interrogatory No. 26 that there was no defect in the appellee's truck which proximately caused the collision. The evidence moreover is clear and definite that the steering wheel and steering column, though possibly not as efficient as appellee believed them to be advertised, did not proximately cause or contribute to the accident. In the case at bar the sole proximate cause of accident was the failure of the Mack truck, heavily loaded with seventy thousand pounds of corn, to obey the traffic signal requiring it to stop, but in violation of this mandate continued on at a speed of thirty miles an hour and, as a result thereof, collided with the side of the appellee's pickup truck.
Although the pleadings and proof of appellee permit the conclusion that appellee trusted or hoped that this Court would follow the ratio decidendi and conclusions in Larsen v. General Motors Corporation, 391 F.2d 495 (8th Cir.1968), nevertheless the appellee repudiates this conclusion and asserts that because the advertising material, which the appellee picked up in the office of the Jordon Chevrolet Company, embodied a representation to the public and to the appellee particularly that its pickup C-10 Chevrolet truck had a telescopic steering column in the cab, the appellant assumed the duty to the public and to this appellee to provide it with a telescopic steering column as represented, and interpreted by the appellee. Appellee further asserts that the failure of the appellant to furnish the telescopic steering column as interpreted by the appellee was negligence, and under the provisions of Section 402B of the Restatement (Second) of Torts the appellant was liable. Therefore appellee asserts that the representations of the appellant were not made to avoid an accident, but to avoid or lessen the serious damages that might result therefrom.
The exact data relied upon by the appellee is as follows:
Inside the cab there are a host of new safety features  a deep-dish 3 spoke steering wheel, telescoping steering column, padded dash and sun visor, recessed instruments, flat-surfaced control knobs, safety belts, dual braking system and many more.
*729 Except for the telescopic steering column appellee does not assert that the Fleetside pickup Chevrolet C-10 was not equipped exactly as stated in the foregoing quoted sentence. Appellee urges that an express or implied warranty was violated because the steering column did not telescope inside the cab.
The evidence in the record establishes the fact that the steering column was telescopic. If a head-on collision had occurred, the bottom of the steering column would have telescoped into the portion extending through the firewall and the cab. A lower portion of the steering column did bend and absorb some of the angular force of the collision. The steering wheel absorbed some of the energy of the collision. The statement of appellant regarding the new safety features in the advertisement never asserted that the steering column would telescope under any and all circumstances and conditions. It is only by the liberal interpretation of the appellee that a misrepresentation can be read into the statement. In passing, only the appellant, a pioneer in this field, at the time of the collision had any type of telescopic or collapsing feature in the steering columns or shafts of its vehicles.
The proof is conclusive that the steering wheel and column assembly played no part whatsoever in the cause of this collision. We have rejected the rule as announced in Larsen v. General Motors Corporation, supra, and Mickle v. Blackmon, 252 S.C. 202, 166 S.E.2d 173 (1969). The decisions in Walton v. Chrysler Motor Corporation, supra, and Ford Motor Company v. Simpson, supra, are controlling here.
Since the representation of appellant that the truck would be equipped with a telescopic steering column was complied with, we find it unnecessary to consider the rule stated in 402B of the Restatement (Second) or Torts.
For the reasons cited in the two cases, Walton and Simpson, supra, and in the other cases considered in this cause, the verdict of the circuit court is reversed and judgment entered here for the appellant.
Reversed and judgment here for appellant.
GILLESPIE, P.J., and RODGERS, JONES and SMITH, JJ., concur.