**James L. LANDRUM, Plaintiff-Appellant,**

v.

**MASSEY–FERGUSON, INC., et al., Defendants-Appellees.**

No. 72–2244.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1973.

Edward P. Turner, Jr., Chatom, Ala., Richard Bounds, Mobile, Ala., for plaintiff-appellant.

Paul W. Brock, Michael D. Knight, Mobile, Ala., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ This is a Mississippi products liability case. Federal jurisdiction is grounded in diversity of citizenship. On appellee's motion, the District Court granted summary judgment at the close of appellant's case on the ground, among others,[1] that Mississippi recognizes no cause of action where an alleged defect did not cause the occurrence but merely allowed the injurious consequences to take effect.[2] In so doing, the trial Judge correctly applied the state doctrine and we affirm.

Appellant was loading logs with one of appellee's Model 302 tractors, which had been equipped by the distributor with a hydraulic bucket loader. The loading equipment was substantially customized by the substitution for the bucket of a back plate of unknown origin to which were attached forks manufactured by appellee and retainers fabricated by the distributor, Forestry Equipment Company of Alabama, Inc.

Appellant was loading the logs onto a truck. He had to travel uphill over wet ground to do so. When the wheels of the tractor began to slip, Landrum raised the log on the loader to a nearly overhead position in order to bring its weight to bear on the back wheels. One of the retainers broke and the log fell from the loader injuring him.

■ Appellant's cause of action was based on Massey-Ferguson's failure to equip the tractor with an overhead guard which would have prevented or ameliorated his injuries.[3] The law of Mississippi—which we are bound to follow—rejects the extension of strict liability, Walton v. Chrysler Motor Corporation, Miss., 1969, 229 So.2d 568, and the existence of a cause of action for negligence, Ford Motor Company v. Simpson, Miss., 1970, 233 So.2d 797, on these facts. As Mississippi views this the "cause" was the breaking of the retainer, not the absence of the overhead protective guard.

Affirmed.

---

1. The trial court also found that the danger was "open and obvious" and that the injury was the result of an "independent intervening [between the alleged negligence and injuries] cause." We express no opinion on the merits of these findings.

2. We intimate no opinion whatsoever as to the outcome of a case, governed by Mississippi law or otherwise, in which a safety device actually in use fails to function because of a defect.

3. Appellant also claimed that appellee's failure to warn users of its tractors of the danger of raising loads overhead constituted negligence.