**Helen L. HUFF, Administratrix of the Estate of Jessee Huff, Deceased, Plaintiff,**

v.

**WHITE MOTOR CORPORATION, Defendant.**

**No. IP 72–C–48.**

United States District Court, S. D. Indiana, Indianapolis Division.

Aug. 18, 1976.

F. Boyd Hovde, Townsend, Hovde & Townsend, Indianapolis, Ind., and Windle Turley, Dallas, Tex., for plaintiff.

Hugh Watson, Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STECKLER, Chief Judge.

This matter is before the Court on defendant's motion for summary judgment. Plaintiff, Administratrix of the Estate of her deceased husband, alleges in her complaint that the deceased died as a result of injuries received while driving a tractor manufactured by defendant. Plaintiff alleges that the deceased's vehicle collided with an embankment which resulted in the fuel tank rupturing and igniting. Plaintiff asserts that if the vehicle had not been defectively and improperly designed the injuries would have been less severe. Plaintiff's claim is based on negligence and strict liability.

The Seventh Circuit Court of Appeals in *Evans v. General Motors Corp.*, 359 F.2d 822 (7th Cir. 1966), affirmed the decision to dismiss the complaint by the United States District Court for the Southern District of Indiana, the Honorable Cale J. Holder,, Judge. The Seventh Circuit held that the nature of the duty owed by an automobile manufacturer to users of the product is a question of law to be determined by the court. The Seventh Circuit found that the defendant had a duty to test an alleged improperly designed frame only so as to insure that it "was reasonably fit for its intended purpose." The Court further held that:

> "The intended purpose of an automobile does not include its participation in collisions with other objects, despite the manufacturer's ability to foresee the possibility that such collisions may occur. As defendant argues, the defendant also knows that its automobiles may be driven into bodies of water, but it is not suggested that defendant has a duty to equip them with pontoons." 359 F.2d at 825.

*See also, Schemel v. General Motors Corp.*, 384 F.2d 802 (7th Cir. 1967), *aff'g*, 261 F.Supp. 134 (S.D.Ind.1966), in which the Seventh Circuit, applying Indiana law, relied on *Evans*.

 Plaintiff attempts to distinguish these two cases by arguing that her action is one sounding in both negligence and strict liability, whereas *Evans* and *Schemel* were actions sounding only in negligence. This Court holds, however, that the "intended purpose" test of *Evans* and *Schemel* also applies to strict liability inasmuch as Restatement of the Law of Torts 2d § 402(a) requires that the product must be "unreasonably dangerous to the user." While an automobile manufacturer might be liable for injuries caused by defects in its product, "an automobile manufacturer is not liable for injury arising from defects in the automobile which did not cause or contribute to the cause of the accident, such as a rear-end collision." *Walton v. Chrysler Motor Corp.*, 229 So.2d 568 (Miss.1969) (action sounding in negligence and strict liability). *See also, General Motors Corp. v. Howard*, 244 So.2d 726 (Miss.1971).

 This Court is aware that many other jurisdictions have rejected *Evans* and *Schemel* and have chosen to follow *Larsen v. General Motors Corp.*, 391 F.2d 495 (8th Cir. 1968), which would allow recovery for defects in design which compound the injury upon collision. This Court, however, is bound to follow the law of Indiana, where *Evans* and *Schemel* control.[1]

This Court having considered defendant's motion for summary judgment, the briefs in support thereof and in opposition thereto, and being duly advised in the premises, finds that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. Therefore, defendant's motion should be, and it is, hereby GRANTED.

IT IS SO ORDERED.

---

1. The Seventh Circuit followed *Larsen* in *Nanda v. Ford Motor Co.*, 509 F.2d 213 (7th Cir. 1974). However, the Court did not overrule *Evans* and *Schemel*, but rather held as such "because in this case the law of Illinois rather than Indiana is controlling." *Id.* at 217.