The HARTFORD ACCIDENT & INDEM-
NITY COMPANY, Plaintiff,

v.

MITCHELL BUICK–PONTIAC AND EQUIPMENT COMPANY; General Motors Corporation, a Foreign Corporation; the Correct Designation of the Entity known as General Motors Corporation; the Correct Designation of the Entity that designed the vehicle referred to here (hereinafter referred to as "Said Opel"), the Entity that Manufactured the said vehicle; the Entity that assembled the Opel; and the Entity responsible for locating gas tank in said vehicle in the location in which it was in on the occasion of the incident made the basis of this suit; the Entity Responsible for the configuration of the rear end of the body of said Opel, including, but not limited to, the location and size of the rear taillights, Defendants.

No. EC 79–145–S–P.

United States District Court,
N. D. Mississippi, E. D.

Oct. 10, 1979.

Ralph E. Pogue, Aberdeen, Miss., for plaintiff.

W. Swan Yerger, for General Motors, Robert T. Gordon, Jr., (Lead Counsel), Heidelberg, Woodliff & Franks, Jackson, Miss., W. H. Jolly, Jr., Jolly & Jolly, Columbus, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the separate motions of the defendant General Motors Corporation, and the defendant Mitchell Buick-Pontiac and Equipment Company, to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P. The plaintiff, Hartford Accident and Indemnity Company, is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. On June 7, 1979, the plaintiff filed its complaint in this court against Mitchell Buick-Pontiac and Equipment Company, a Mississippi corporation, and General Motors Corporation, a Delaware corporation. Jurisdiction is founded upon diversity of citizenship, and the amount in controversy exceeds $10,000. The complaint alleges, *inter alia*, the following sequence of events upon which this action is based: On June 16, 1971, the defendant Mitchell Buick-Pontiac sold a 1971 Opel automobile to one Walter Stacy Anderson, even though the automobile was allegedly in an unsafe condition and was negligently designed. On February 18, 1976, Mr. Anderson was travelling on U. S. Highway 45, near Columbus, Mississippi, and was attempting to make a left turn from that highway. At the same time, one Nancy Pace Odom was travelling in the same direction along Highway 45, and struck the rear end of Mr. Anderson's automobile. Ms. Odom's car, a 1973 Mercury Cougar, was insured by the plaintiff, Hartford Accident and Indemnity Company. Immediately after the accident, the gasoline in the Opel automobile exploded, and Mr. Anderson was burned to death. Plaintiff alleges that the explosion was the result of the collision, and was also caused by the defective manner in which the Opel automobile was designed.

Subsequent to the accident, the surviving heirs of Walter Stacy Anderson brought an action in the Circuit Court of Hinds County, Mississippi, against the plaintiff's insured, Nancy Pace Odom. The plaintiff answered and defended the suit on behalf of Ms. Odom. On July 20, 1976, the jury returned a verdict against Ms. Odom for the sum of $180,000. Final judgment was entered against Ms. Odom and the plaintiff paid the amount of that judgment.

The plaintiff now seeks to recover a portion of that judgment against the defendants, alleging that the obligation which the plaintiff paid was a common liability, and that the automobile accident was for the most part caused by the defendants' negligence. The plaintiff admits that the heirs of Mr. Anderson had a valid claim against Ms. Odom, in that she was unable to stop her vehicle in time to prevent the accident. Because of the alleged negligent design, manufacture, and sale of the Opel automobile, however, the plaintiff claims that the two defendants are liable to the extent of 75% of the judgment paid by the plaintiff.

Both of the defendants have answered the plaintiff's complaint, and the answers contain, as their first defense, an allegation that the complaint fails to state a claim upon which relief can be granted. Pursuant to that first defense, the defendants have now submitted motions to dismiss, alleging that under applicable Mississippi law, there can be no recovery against the defendants in this situation.

For purposes of considering a motion to dismiss, the complaint is construed in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court's analysis is limited to a determination of the sufficiency of the complaint under Rule 8(a), Fed.R.Civ.P., and if the liberal requirements of that rule are met, the motion should be denied. The motion to dismiss for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts." *Ward v. Hudnell,* 366 F.2d 247, 249 (5th Cir. 1966). If the plaintiff's complaint demonstrates that he has no right to relief, or if it presents matters that create an unsurmountable bar to recovery, the complaint should be dismissed. After reviewing the facts in the instant case, as well as the briefs filed in support of and in opposition to the defendants' motion, the court is of the opinion that the complaint does not state a claim upon which relief can be granted, and should therefore be dismissed.

The law applicable to this action has been discussed by this court before. The allegations of the complaint involve the so-called "second accident" doctrine of Mississippi products liability law, and the defendants claim that this doctrine bars the plaintiff's right to recover in this action. The doctrine which grew out of suits involving automobile collisions, denies recovery against the manufacturers of the vehicle, when the alleged defect did not contribute to or cause the initial accident. In *Williams v. Cessna Aircraft Corporation,* 376 F.Supp. 603 (N.D. Miss.1974), this court discussed the Mississippi precedents and held that this court must adhere to that doctrine. This action involves similar circumstances and similar allegations, and the court must apply Mississippi law once more. "Sitting as a Mississippi trial forum, our task . . . is not to criticize or ignore precedent, but to follow it where the facts warrant." 376 F.Supp. at 607.

Three recent Mississippi cases support the denial of plaintiff's claim. In *Walton v. Chrysler Motor Corporation,* 229 So.2d 568 (Miss.1969), the plaintiff's car was struck from the rear, and the force of the collision broke a bolt which held the driver's seat in place. The seat collapsed, and the plaintiff was thrown backward, and then forward, suffering severe injuries. The court held in that situation that it would not impose strict liability upon the manufacturer:

> We are of the opinion that the automobile manufacturer is not an insurer against the possibility of accidental injury arising out of the use of its product (Citations omitted). . . .
>
> [T]he manufacturer is liable for defects in its product which cause injury arising out of the intended use for which the product is manufactured . . . an automobile manufacturer is not liable for injury arising from defects in the automobile which did not cause or contribute to the cause of the accident.

229 So.2d at 572, *quoted* in *Williams v. Cessna Aircraft Corp., supra* at 606.

On the same rationale, the court again found in favor of the manufacturer in *Ford*

*Motor Co. v. Simpson,* 233 So.2d 797 (Miss. 1970). The court held that the claimed defect, a heater which was alleged to be negligently and defectively designed, did not cause the initial accident. On the basis of *Walton, supra,* the court rejected the plaintiff's theory of negligent design.

Finally, the case of *General Motors Corp. v. Howard,* 244 So.2d 726 (Miss.1971), involved an action for breach of warranty. The plaintiff alleged that the vehicle which he purchased was advertised by the manufacturer as having a telescoping steering column. When a truck collided with the plaintiff's vehicle, he was thrown against the steering column, which did not collapse as advertised. Despite the claims of breach of warranty, the court held for the manufacturer applying the *Walton* standard.

■ In *Williams v. Cessna Aircraft Corp., supra,* this court utilized these Mississippi precedents in applying the "second accident doctrine." The court held in that case that "Mississippi law precludes imposition of liability on the basis of a 'second accident' where the alleged defect did not cause or contribute to the initial mishap and did not arise from the intended normal use for which the product was manufactured." 376 F.Supp. at 607. It is obvious from the plaintiff's allegations that the alleged defect in design of the Opel automobile did not cause or contribute to the initial accident. The "second accident" doctrine therefore bars the plaintiff from recovery.

■ Even if the accident were found to have been caused partially by the negligence of the manufacturer, there can be no recovery by the plaintiff because of the Mississippi law of contribution. Except as provided by statute, there is no right of contribution in Mississippi where the parties are joint tortfeasors. Mississippi Code § 85–5–5 (1972) provides for such contribution, but only "where judgment is rendered against two (2) or more defendants jointly and severally." Neither General Motors nor Mitchell Buick-Pontiac was a party to the original lawsuit, and judgment was not rendered against them. The language of the statute, therefore precludes recovery

against them now. Nor can there be indemnification to the plaintiff for the judgment which it paid, for the insured in this action was an active participant in the wrong. *See, e. g. Alabama Great Southern R. Co. v. Allied Chemical Corp.,* 501 F.2d 94 (5th Cir. 1974); *Home Insurance Co. v. Atlas Tank Mfg. Co.,* 230 So.2d 549 (Miss. 1970).

For these reasons, the court is of the opinion that the plaintiff has not alleged any facts which would entitle it to recover from the defendants. Furthermore, based on the pleadings themselves, the plaintiff has no right to relief according to applicable Mississippi law. The defendants' motions to dismiss for failure to state a claim upon which relief can be granted should be sustained.