379 So.2d 1225 (1980)
Susan M. PATTILLO, John Madison Pattillo, and Sandra Pattillo Cockerham
v.
CESSNA AIRCRAFT CORPORATION.
No. 51706.
Supreme Court of Mississippi.
February 20, 1980.
Cothren, Pittman & Ferrell, Wayne E. Ferrell, Jr., Jackson, Smith & Doggette, Laurel, Robert W. Graves, Jackson, for appellants.
Watkins & Eager, John L. Low, IV, William E. Suddath, Jr., Jackson, for appellee.
Before PATTERSON, BROOM and COFER, JJ.
BROOM, Justice, for the Court:
"Second Accident Doctrine" of tort liability is the theory of this case wherein the heirs of John Wesley Pattillo, deceased, (Susan M. Pattillo, John Madison Pattillo and Sandra Pattillo Cockerham) sued the estate of airplane pilot Curtis T. Noble, Noble's corporate employer Hesler-Noble Air Service, and Cessna Aircraft Corporation (Cessna). Settlement was made of the claims against each of the defendants except Cessna, the appellee herein. This appeal is from the Circuit Court of the Second Judicial District of Jones County; which court sustained a demurrer to the plaintiff's declaration. We affirm.
Summarized, the facts are as follows. John Wesley Pattillo was killed in an air crash on or about March 7, 1978 when the Cessna aircraft piloted by Curtis T. Noble (owned by his corporate employer) crashed in a dense fog near Laurel, Mississippi. Pattillo was a passenger for hire and on impact the right seat of the aircraft, in which he was sitting, tore loose from the frame of the aircraft. The seat belts and the seat anchors broke causing Pattillo to be thrown into the yoke, the instrument panel, and then out of the aircraft resulting in his death. According to the amended declaration, the crash was the sole proximate result of the negligence of the pilot Noble (Noble was also killed in the crash) and his corporate employer Hesler-Noble Air Service. Cessna is not charged with any negligence whatsoever so far as the piloting or operation of the airplane is concerned. Cessna was charged with negligence only with reference to the design, manufacture and other aspects of the seat belts and attachments placed in the aircraft for the protection of its crew and passengers, including the plaintiffs' decedent. The declaration charges Cessna with breach of an implied warranty of fitness of the seat belts and attachments to protect passengers in the event of a survivable crash  the crash at issue was not alleged to have been survivable.
Theory of the cause asserted against Cessna here is what is known as the *1226 "Second Accident Doctrine", i.e., the negligence of Cessna did not itself cause the crash but contributed to or aggravated or enhanced decedent Pattillo's injuries which he sustained in the accident. The "Second Accident Doctrine" was before us in Walton v. Chrysler Motor Corp., 229 So.2d 568 (Miss. 1969) where we held:
Although it is true that the manufacturer is liable for defects in its product which cause injury arising out of the intended use for which the product is manufactured ... an automobile manufacturer is not liable for injury arising from defects in the automobile which did not cause or contribute to the cause of the accident, such as a rear-end collision. This is true although such accident may have been foreseeable as a misuse of the manufactured product. Evans v. General Motors Corp., [359 F.2d 822 (7th Cir.1966)].
(229 So.2d at 572).
After our decision in Walton, we decided another case dealing with the "Second Accident Doctrine". Ford Motor Co. v. Simpson, 233 So.2d 797 (Miss. 1970). In that case it was contended that Ford Motor Co., manufacturer of a motor vehicle, was liable because a passenger in a pickup truck received a knee injury when her knee came in contact with the heater inside the pickup truck. The contention there was that Ford had negligently designed its vehicle and caused the heater to be placed in a location which was unreasonably dangerous to the passenger in the event of a collision. In rejecting the plaintiff's claim there, we stated that we would continue to follow the rationale of Walton. Our opinion in Ford Motor Co. has the following pertinent language:
It is clear that the claimed defect did not cause the initial accident in this matter.
...
(233 So.2d at 798).
In General Motors Corp. v. Howard, 244 So.2d 726 (Miss. 1971), we were the third time asked to accept the "Second Accident Doctrine" which we again rejected following the rationale of Walton v. Chrysler Motor Corp., supra, and Ford Motor Co. v. Simpson, supra.
Appellants argue that our decision in Walton, supra, which we followed in Ford Motor Co., supra, and General Motors Corp., supra, is outdated and now out of step with the rule being followed by the majority of jurisdictions in this country. Therefore, it is argued that we should overrule our earlier cases wherein we rejected the "Second Accident Doctrine." Further argument is made that most of the decisions relied upon by this Court when we rejected the so-called doctrine or theory have now been repealed or overruled. As recently as 1974 our line of cases was adhered to in Williams v. Cessna Aircraft Corp., 376 F. Supp. 603 (N.D.Miss. 1974). There the facts were almost identical to the facts now before us and the Court on the strength of Walton v. Chrysler, supra, and Ford v. Simpson, supra, held:
Mississippi law precludes imposition of liability on the basis of a "second accident" where the alleged defect did not cause or contribute to the initial mishap and did not arise from the intended normal use for which the product was manufactured. Applying Mississippi law to the present case, we conclude: (a) the failure of the seat and harness must be regarded as a separate or "second accident," and (b) the defendant, Cessna, was under no duty to design its seat and harness assembly, as a matter of ordinary intended usage, to withstand a high speed crash.
...
(376 F. Supp. at 607).
Appellants contend that we should now adopt and follow Larsen v. General Motors Corp., 391 F.2d 495 (8th Cir.1968). In Larsen, the issue, much the same as that before us, was thoroughly discussed and the appellants commend to us the following language taken from Larsen:
No rational basis exists for limiting recovery to situations where the defect in design or manufacture was the causative factor of the accident, as the accident and the resulting injury, usually caused by the so-called "second collision" of the passenger *1227 with the interior part of the automobile, all are foreseeable ... an automobile manufacturer is under no duty to design an accident-proof or fool-proof vehicle or even one that floats on water, but ... is under a duty to use reasonable care in the design of its vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of a collision. Collisions with or without fault of the user are clearly foreseeable by the manufacturer and are statistically inevitable.
(391 F.2d at 502).
Although the brief filed before us by the appellants sets forth the thinking of different scholars and courts as to why the "Second Accident Doctrine" should be adopted, we are not persuaded and adhere to Walton, supra; Ford Motor Co. v. Simpson, supra, and General Motors v. Howard, supra. These decisions have committed this Court to the proposition that the defendant whose wrong caused the accident is the proper party defendant against whom recovery may be had. As stated by us in Walton, supra,
In the future there may be some legal requirements for uniform automobile design imposed upon the manufacturer, but we are of the opinion that such requirements should be outlined in detail by the legislative branch of the government.
(229 So.2d at 573).
We are unwilling to hold Cessna liable because an aircraft manufactured by it crashed to the ground in a dense fog and under adverse weather conditions. As alleged in the amended declaration, pilot Noble was not licensed "to conduct any air taxi" at the time of the crash, and it appears obvious from the declaration that the crash was caused simply by pilot error. On the peculiar facts presented we will not reverse our prior holdings, and accordingly our decision here is that the lower court did not err in sustaining the demurrer.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, and COFER, JJ., concur.
BOWLING, J., takes no part.