483 So.2d 1351 (1986)
Jim ROSE
v.
MERCURY MARINE, A DIVISION OF BRUNSWICK CORP.
No. 55354.
Supreme Court of Mississippi.
February 19, 1986.
John L. Hunter, David O. McCormick, Cumbest, Cumbest & Hunter, Pascagoula, for appellant.
Joe R. Colingo, Bryant, Stennis & Colingo, Pascagoula, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The Circuit Court of Jackson County, Honorable Robert T. Mills, presiding, sustained a motion to dismiss the tort declaration (complaint) of Jim Rose against Mercury Marine, a Division of Brunswick Corporation, under the "second accident doctrine" or "second impact doctrine." Rose has appealed to this Court and assigns the following error in the trial below:
THE LOWER COURT ERRED IN DISMISSING THIS SUIT BASED ON THE ARCHAIC, OUT-DATED, OUT-MODED DOCTRINE COMMONLY REFERRED TO AS "SECOND ACCIDENT DOCTRINE," "SECOND IMPACT DOCTRINE," OR "CRASH WORTHINESS DOCTRINE."
The case of Toliver v. General Motors Corporation, 482 So.2d 213, (1985), petition for rehearing denied February 12, 1986, is a second impact doctrine case and decided the issue of whether or not Toliver, who was injured in a collision between his Vega and another automobile, may assert a cause of action against the manufacturer of the Vega, because his injuries were proximately caused or enhanced by the alleged defective design or construction of the Vega automobile. In overruling Walton v. Chrysler Motor Corp., 229 So.2d 568 (Miss. 1969), and cases following Walton, e.g., Odum v. Glover, 413 So.2d 722 (Miss. 1982); Pattillo v. Cessna Aircraft Corp., 379 So.2d 1225 (Miss. 1980); Jones v. Babst, 323 So.2d 757 (Miss. 1975); Baker v. Ford Motor Co., 317 So.2d 51 (Miss. 1975); General Motors Corp. v. Howard, 244 So.2d 726 (Miss. 1971); and Ford Motor Co. v. Simpson, 233 So.2d 797 (Miss. 1970); this Court has aligned itself with the majority of jurisdictions, supporting and upholding the second impact doctrine.
Toliver decides and controls the case sub judice.
On July 4, 1981, appellant and his family had beached their boat on the banks of the Tchoutacabouffa River. Appellant, wearing an orange life preserver was swimming in the river, when a 1973 Thunderbird formula model boat, powered by an outboard or stern drive motor and operated by John L. Jimerson, struck him. The manufacturer of the motor and the propellor was Mercury *1352 Marine, a Division of the Brunswick Corporation, the appellee.
Jimerson was pulling a water skier, when his son, who was also in the boat, yelled that they were about to hit someone. Immediately, Jimerson placed the motor in neutral. However, in that type motor, the propellor powering the boat continues to turn when in neutral. Appellant was hit by the boat and knocked under it, where he was then struck by the propellor and severely cut and injured.
Appellant filed suit against the appellee herein and joined Thunderbird Products Corporation, seller of the boat, and John L. Jimerson, individually. Subsequently, the claims against Thunderbird and Jimerson were settled.
The declaration charged acts of negligence against appellee, consisting of defective design of the motor and boat, and particularized such acts. Appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted, based on the "second accident doctrine," and relied upon the law existing at that time in Mississippi. The lower court, following Walton v. Chrysler Motor Corp., supra, and its progeny, sustained the motion and dismissed the declaration.
In Toliver, supra, this Court said:
In a design case, just as in the case of a manufacturing defect, the plaintiff must show that the product was defective and that its defective condition made the product unreasonably dangerous to him. Comment g. to Section 402A defines defective condition as "a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him." In the context of fuel tank design, obviously the plaintiff contemplated that the automobile which he purchased had a fuel tank affixed to it, which could become dangerous under some circumstances. Therefore, in order to make out his prima facie case, he must show that the placement of the tank on the car that injured him was defective: that it fell below the standard of automotive design contemplated by the user, and, thus, became unreasonably dangerous to him. See, e.g., Ford Motor Co. v. Matthews, 291 So.2d 169 (Miss. 1974).
To prove his case, the plaintiff may introduce evidence of industry standards, to show deviation therefrom, or an alternative design, to show the feasibility thereof. The defendant may then offer evidence in rebuttal.
We hold, then, that Edward Toliver may bring his cause of action under a theory of strict liability, where he will be required to show that his automobile was in a defective condition, unreasonably dangerous to him, that the defect existed when General Motors sold his Vega, and that he was injured by that defect. We note that Toliver may also bring his action under a theory of negligence. As we held in State Stove, strict liability "does not preclude liability based upon the alternative ground of negligence of the seller, where such negligence can be proved." 189 So.2d at 118. We reiterated this view in Hamilton, 285 So.2d 744. Under this theory, the usual defenses to a charge of negligence would apply.
In conclusion, we find that Edward Toliver has stated a cause of action upon which relief may be granted. We, therefore, reverse the trial court's dismissal under Rule 12(b)(6) and remand this case for a trial on the complaint.
Toliver, supra, at pp. 218 - 219.
Likewise, we reverse the trial court's dismissal of the declaration in the present case, and remand to the lower court for trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, P.J., not participating.