[Civ. No. 13733.   Second Dist., Div. Two.   Oct. 28, 1942.]

JOHN E. FAIRMAN, a Minor, etc., Appellant, v. HAL S. MORS, Respondent.

Joseph W. Pierce for Appellant.

Hunter & Liljestrom for Respondent.

MOORE, P. J.—The question for decision in this case is whether, in the absence of an allegation either (1) of facts showing that he was a passenger for hire or (2) of facts amounting to wilful misconduct or intoxication, a complaint for personal injuries received by an occupant of an automobile owned and operated by another states a cause of action.

After a demurrer to plaintiff's original complaint had been sustained, his amended complaint stated substantially as follows: that in June, 1941, "defendant was driving, operating, managing, and controlling" a sedan automobile on a business highway; that plaintiff was then and there riding in a Ford roadster "which was attached to and was being towed and propelled by" the sedan; that the roadster "was being driven, steered and operated by one Gaines Mors"; that the sedan was negligently "driven, operated, managed, and controlled" by defendant; that as the direct and proximate result thereof the roadster was thrown off the highway and over a steep bank at the left side; and that plaintiff was thereby seriously injured.

The demurrer to the amended complaint was sustained without leave to amend, following which a judgment of dismissal was entered.

Section 403 of the Vehicle Code provides as follows: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

In construing this statute, it is the paramount duty of

the court to ascertain its true meaning, that is, to understand the purposes and objects of the act. (*Perry* v. *Cross*, 172 Cal. 468 [156 P. 1031].) ▮ To us it is crystal clear that the intention of the lawmakers in enacting this section was to prevent recovery on account of mere negligence of a motorist by those persons who, on the highway, accept gratuitous rides in vehicles traveling there. The section contemplates that the only circumstance under which the operator of a vehicle becomes liable for his acts is: (1) when the injury to the guest proximately results from the intoxication of the operator, or, (2) from his wilful misconduct. Although either guest or passenger· for pay had the right of action at common law against the operator of a vehicle in which he was transported, the section is such a distinct modification of the ancient rule that it must be considered a part of the law fixing one's right of recovery.

▮ Plaintiff contends that since the general demurrer admits all of the material allegations, such facts as may be inferred therefrom must be imputed to the complaint the same as though they had been directly charged. (*McKay* v. *New York Life Insurance Co.*, 124 Cal. 270 [56 P. 1112].) He insists that the mere allegation that plaintiff was riding in one of two vehicles involved in the accident is consistent with the theory that he was a ''passenger'' rather than a ''guest,'' and that he had paid for his ride. But such cannot be the rule in the application of section 403, in the enactment of which it was clearly the purpose of the Legislature to prevent recovery by the guest except in cases of intoxication or wilful misconduct of the driver. (*Bummer* v. *Liberty Laundry Co.*, 48 Cal.App.2d 648, 649 [120 P.2d 672].)

It is the duty of the pleader in all cases to present by appropriate allegation those facts by virtue of whose proof he expects to recover. If a person is a passenger for hire in a vehicle on a highway, he is entitled to recover for injuries proximately resulting from the mere negligence of the operator. But in presenting his pleading as such passenger in an action based on the negligence of the operator it is his duty to allege that fact in order that the issue of negligence may be directly created by the pleadings. On the contrary if he was a guest of the operator of the vehicle which caused his injuries, it is his duty to allege such fact together with the fact of the intoxication or of wilful misconduct of the operator so that an issue may be drawn as to the intoxication or wilfulness. If plaintiff was a guest, the negligence of the opera-

tor was immaterial. If he was a passenger for hire, the negligence was material. Hence the status of the plaintiff who seeks damages on account of the conduct of the motorist who drove the automobile in which the plaintiff was riding, is indispensable to a complete statement of his cause of action against such motorist. Upon the allegations of the complaint herein no issue could be joined upon those facts which plaintiff must prove in order that he might recover because he failed to allege his own understanding of such facts. If he intended to prove that, as a passenger, he gave compensation for his ride, those facts should have been alleged in order to elicit a confession and thereby effect a prompt conclusion of the controversy or a denial which would present a clear-cut issue for proof.

██ Notwithstanding his allegation that defendant operated and drove the sedan which towed the roadster, plaintiff contends that defendant was not the driver of the roadster and that because thereof section 403 has no application. Two vehicles were involved, to wit: the towing sedan and the towed roadster and plaintiff was riding in the roadster. Because a third party sat at the steering wheel of the roadster, appellant contends that defendant was not its driver but that he was driver only of the sedan. In this he overlooks two controlling facts, namely, that the driver of the sedan applied the force which impelled the roadster and that he directed and controlled its movements. Those facts certainly constituted defendant driver of the roadster. If the roadster was towed by the sedan, it was "impelled forward" by the application of the force of the latter. (Webster's New International Dictionary.) The only force mentioned is that which came from the sedan. The allegation that the roadster was "driven, steered, and operated" by Gaines Mors stultifies the pleader. It does not obviate the effect of the declarations that the sedan was driven and controlled by defendant; that it "towed and propelled" the roadster. Because Gaines Mors sat at the steering wheel of the roadster did not make him its driver any more than plaintiff who sat by his side. A driver is one who "is in actual physical control of the vehicle." (§ 69, Veh. Code.) An operator is one who directs or superintends it. (*Bosse* v. *Marye*, 80 Cal.App., 109, 118 [250 P. 693].) Gaines neither actually controlled the movements of the roadster nor directed its course. One sitting behind a steering wheel of a towed car is utterly helpless so far as directing the course

or conduct of such car. He is not the driver either in the statutory sense or in any sense. No amount of turning of the steering wheel by him will alter its course. The allegation that the roadster was towed warrants the inference that it had no power to propel itself. An automobile incapable of moving under its own power is not "driven" by any of its occupants when being towed by another automobile. (*People* v. *Kelley,* 27 Cal.App.2d Supp. 771 [70 P.2d 276].) Appellant cites *Smith* v. *Pope,* 53 Cal.App.2d 43 [127 P.2d 292] in support of his argument that the burden was cast upon defendant to plead his non-liability under the guest statute. That case is not authority upon the point before us. The plaintiff there was injured by reason of the negligent act of the defendant in knocking plaintiff to the ground before she had entered defendant's vehicle and was therefore allowed recovery. She was not injured "during such ride" as required by statute. Since a guest has the right of recovery under the common law, for injuries wrongfully inflicted, the court there held that since the guest statute lessened such right, it must be given a strict construction. (*McCann* v. *Hoffman,* 9 Cal.2d 279 [70 P.2d 909].)

Judgment affirmed.

Wood (W. J.), J., and McComb, J., concurred.