[Civ. No. 20649.   Second Dist., Div. Two.   Apr. 21, 1955.]

JOSIE ELIZABETH DE FALLA, a Minor, etc., Appellant,
v. PRESTON TUTTLE et al., Respondents.

M. C. Schrager for Appellant.

Belcher, Kearney & Fargo and Lester E. Olson for Respondents.

McCOMB, J.—From a judgment in favor of defendants in a trial before the court without a jury in an action to recover damages for personal injuries suffered in an automobile accident, plaintiff appeals.

*Facts*:[1] On March 29, 1952, plaintiff, a child of 10 years of age, was injured in an automobile accident which occurred

---

[1]The evidence is viewed in the light most favorable to defendant (respondent) pursuant to the rules set forth in *Estate of Isenberg*, 63 Cal. App.2d 214, 216 [2] [146 P.2d 424].

when the automobile in which she was riding and which was driven by defendant Mildred Tuttle, struck the rear end of a bus owned and operated by defendant Saint Taribus Catholic Church, and driven by defendant Sandoval.

The trial court found that (1) defendant Mildred Tuttle was negligent and her negligence was the sole and proximate cause of the accident, and (2) plaintiff was a guest at the time of the accident in the car driven by defendant Tuttle, and rendered judgment in favor of defendants.

The appeal is prosecuted solely as to the defendants Tuttle.

■ Question: Does the evidence support the trial court's finding that plaintiff was a guest within the scope of section 403[2] of the Vehicle Code?

Yes. The record discloses that plaintiff, a girl of 10 years of age, was enrolled in the public schools of the city of Los Angeles. She was a member of a group of Camp Fire Girls, and as a part of the social program of this group for the month of March, 1952, there was arranged a series of symphony concerts for the days of March 1, 15 and 29, at 30 cents per concert. Transportation was to be by school bus.

Plaintiff took a copy of the program home and showed it to her parents. Her mother gave her consent to plaintiff's attending the concerts and signed a written permit for her to go by school bus. Plaintiff attended the concert March 1, 1952, being transported in a school bus. She also attended a concert on March 15, 1952, being transported in a station wagon owned by Mrs. Atwater. After the latter date plaintiff's parents learned that she had been transported in the station wagon and not in a school bus. They made no objection or complaint to this method of transportation.

On the day in question Mrs. Atwater found that more girls were waiting to ride in her car than there was room to accommodate, and she asked plaintiff if she would ride with Mrs. Tuttle. Plaintiff indicated to Mrs. Atwater that she wanted to ride with her girl friend Helen, who was already seated in the Atwater car. Mrs. Atwater asked Helen if she

---

[2]Section 403 of the Vehicle Code reads:

"Liability for Personal Injury to or Death of 'Guest.' No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

would ride in the other car; this Helen declined. Thereupon plaintiff entered the Tuttle car and rode in the back seat with the other children until the time of the accident.

Except for the desire to ride with Helen, plaintiff expressed to Mrs. Atwater no objection or disapproval of riding in the Tuttle car and nothing further relevant occurred until the accident in which plaintiff was injured.

The record further disclosed that plaintiff, her parents and other persons connected with the Blue Birds, Camp Fire and other girls' organizations had followed a definite pattern of conduct which was as follows:

Plaintiff had been active in the Blue Bird organization and later the Camp Fire Girls organization for a period of over two and one half years before the accident. During this time Mrs. Betty Atwater was her group leader for most of the period. Various group activities were held which required automobile transportation for the children. Mrs. Atwater furnished this sometimes; at other times plaintiff's father transported the girls at the request of Mrs. Atwater. On different occasions other parents volunteered their services. No specific or express authority or permission of the parents of the children was ordinarily required.

It is clear the foregoing evidence supports the trial court's finding that plaintiff was a guest in the Tuttle car at the time of the accident. Under the provisions of section 403 of the Vehicle Code, in the absence of evidence of "intoxication or wilful misconduct," plaintiff did not have a cause of action against the defendants Tuttle.

It was a question of fact for the trial court to determine from the evidence whether plaintiff voluntarily entered the automobile and the evidence sustains the trial court's implied finding that plaintiff was of sufficient age and intelligence to know what she was doing, and voluntarily accepted the invitation to ride in the Tuttle car.

*Rocha* v. *Hulen*, 6 Cal.App.2d 245 [44 P.2d 478], relied on by plaintiff, is clearly inapplicable to the facts of the present case. In the Rocha case a 5-year-old child was injured and was taken in an automobile without the child's consent and was thereafter injured. Clearly the child was an involuntary passenger and not a voluntary one. In the present case plaintiff was a voluntary guest in defendants' automobile.

In *Ceikin* v. *Goldman*, 5 Cal.App.2d 162 [42 P.2d 719], *Rawlins* v. *Lory*, 44 Cal.App.2d 20 [111 P.2d 973], *Mosconi* v. *Ryan*, 94 Cal.App.2d 227 [210 P.2d 259]; *Fairman* v. *Mors,*

55 Cal.App.2d 216 [130 P.2d 448] and *Smith* v. *Fall River Joint Union H. S. Dist.*, 118 Cal.App. 673 [5 P.2d 930], the children involved were of tender years, approximately the same age as that of plaintiff herein. The court in each instance assumed that under the facts they were capable of being voluntary guests within the meaning of section 403 of the Vehicle Code.

It is thus apparent that because plaintiff was a child of only 10 years of age she was not, as a matter of law, incapable of being a guest within the meaning of the guest statute.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied May 12, 1955.