[Civ. No. 22861.   Second Dist., Div. Three.   Sept. 10, 1958.]

CHARLES TERRANCE HATCH, a Minor, etc., et al., Appellants, v. FORD MOTOR COMPANY (a Corporation), Respondent.

Richard Rathbun and Gerald H. Gottlieb for Appellants.

Moss, Lyon & Dunn, Fred C. Quimby, Jr., and Henry F. Walker for Respondent.

NOURSE, J. pro tem.*—Defendant's demurrer to plaintiffs' second amended complaint having been sustained upon grounds that the causes of action pleaded were uncertain and on the further grounds that none of them stated a cause of action and plaintiffs having failed to amend their complaint within the time limited by the court, plaintiffs appeal from the order dismissing the action.

By the first and second causes of action the plaintiff, Charles Terrance Hatch, a minor, seeks damages against the defendant. By the third and fourth causes of action plaintiff, Curtis C. Hatch, the father of Charles, seeks to recover damages sustained by him by reason of the injuries sustained by his son. The question as to whether a cause of action is stated is the same in the third and fourth causes of action as it is in the first and second and we will therefore confine our discussion to the first two causes of action.

In substance the first cause of action alleges the following facts: On June 30, 1955, a certain automobile manufactured and assembled by the defendant and sold as new after January 1939 was parked at the edge of Stansbury Avenue; at the time of the sale of said motor vehicle and at the date above mentioned there was included as a part of said automobile a pointed radiator decoration or radiator ornament, approximately 9¾ inches in length, which was fastened to the front and center portion of said automobile *over* the radiator thereof and pointed forward so as to protrude beyond the front of that portion of the automobile to which it was attached. (It is not alleged that it protruded beyond the front of the vehicle.) On the aforementioned date the plaintiff, Charles Hatch, who was then 6 years of age proceeded on foot along Stansbury Avenue toward the front of said automobile (there being no sidewalks) and collided with said automobile with the result that said decoration pierced his left eyeball causing the loss of that eye. It is further alleged that said accident was caused solely and proximately by the negligence of the defendant in failing to exercise reasonable care in the manufacture, assembly and sale of said motor vehicle in that the

---

*Assigned by Chairman of Judicial Council.

defendant manufactured said vehicle under a plan or design by which defendant utilized the decoration above mentioned and thereby created "an unreasonable risk and danger that the anatomy of a person coming in contact with the front portion of the vehicle would be pierced, thus rendering the vehicle and decoration or ornament dangerous for the uses for which defendants manufactured the same" and in that the defendants failed and refused to exercise reasonable care in the adoption of a "*safe plan and design for . . . said vehicle and decoration or ornament.*" (Italics ours.) It is further alleged that the plaintiff was a person whom the defendant might reasonably expect to be in the vicinity of the vehicle and its probable use.

The question posed as to the first cause of action is: Did the defendant owe to the plaintiff a nonstatutory duty to manufacture an automobile with which it was safe to collide? Unless such duty existed this count of the complaint does not state a cause of action for defendant can only be held liable to the plaintiff if it breached a duty which it owed him. (*Routh* v. *Quinn*, 20 Cal.2d 488, 491-492 [127 P.2d 1, 149 A.L.R. 215]; *Richards* v. *Stanley*, 43 Cal.2d 60, 63 [271 P.2d 23]; *Copfer* v. *Golden*, 135 Cal.App.2d 623, 634 [288 P.2d 90]; 35 Cal.Jur.2d 495.)

The facts here do not present the question as to whether defendant owed to the public a duty to so design its automobile as to lessen the severity of injuries that might be caused by it if it were negligently operated on the highways of this state but only the question as to whether it owed to the public, including the plaintiff, the duty above stated, i.e., to so design the vehicles sold by it as to prevent the type of injury sustained by the plaintiff when said automobile was at rest, properly parked upon the highway. Counsel for the plaintiff have not cited us to any authorities which uphold their contention that the defendant owed any such duty and our own research has not disclosed any.

There is not involved in this case any question of a defect which created a risk of injury to its driver or passengers therein or to persons upon the highway through its use in the normal manner for which it was manufactured to be used such as were involved in *MacPherson* v. *Buick Motor Co.*, 217 N.Y. 382 [111 N.E. 1050, Ann.Cas. 1916C 440, L.R.A. 1916F 696]; *Olds Motor Works* v. *Shaffer*, 145 Ky. 616 [140 S.W. 1047, Ann.Cas. 1913B 689, 37 L.R.A.N.S. 560]; *Flies* v.

*Fox Bros. Buick Co.*, 196 Wis. 196 [218 N.W. 855, 60 A.L.R. 357].

The vehicle in question here, in the condition in which it was by the complaint alleged to be, was safe to park and could cause no harm except to one whose own acts or the acts of some third person caused him to collide with it. Such a risk is not one which the defendant was required to anticipate or to protect against. (*Richards* v. *Stanley, supra*, 43 Cal.2d 60, 65-67.)

Whether a duty on the part of the defendant exists is a question of law for the court. (*Richards* v. *Stanley, supra; Redington* v. *Pacific P.T.C. Co.*, 107 Cal. 317, 324 [40 P. 432, 48 Am.St.Rep. 132]; 36 Cal.Jur.2d 84-85; Prosser on Torts, page 281 and cases there cited under note 9.) The duty having been found to exist, whether it has been breached is a question of fact for the triers of the facts. (*McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295, 298-299 [195 P.2d 783]; *Copfer* v. *Golden, supra*, 135 Cal.App.2d 623, 629-630; 36 Cal.Jur.2d 84-85.)

If we were to hold that there was a duty to render a vehicle safe to collide with rather than simply a duty to so manufacture it as to make it safe for the use for which it is intended, i.e., to move upon the highways or to be safely parked, that duty would apply not only to ornaments such as that in question here but to functional parts of the vehicle. If, in the present case, the minor plaintiff had stumbled as he approached the vehicle and struck his face against a head-light lens causing it to fracture and lacerate his eye, the question of duty to make the vehicle safe to collide with would be clearly presented under a claim that if the headlight lens had been made of safety glass the plaintiff would not have lost his eye; or, if the plaintiff had collided with the side of the car and his eye been impaled upon a radio antenna which had been telescoped so that its point protruded but a few inches above the body of the car, again the claim might be made that this created a danger which might have been avoided by enclosing the radio antenna within the body of the car so as not to protrude therefrom. In other words, each case in which a person collided with a standing vehicle and received some injury from a part of the vehicle which injury he might not have sustained had the vehicle been constructed in some other manner would raise a question of fact as to whether the manufacturer was liable to that person. In effect the triers of the facts would be the arbiters of the design of

automobiles and the standard of design would be determined not when the automobile was manufactured but after the occurrence of an accident.

Plaintiff seeks to apply such cases as *Grimes* v. *Richfield Oil Co.*, 106 Cal.App. 416 [289 P. 245] and *Judy* v. *Doyle*, 130 Va. 392 [108 S.E. 6]. They are not applicable. They do not involve any question of a manufacturer's liability for a design of the vehicle, but only the question of the negligent use of a vehicle by the operator in obstructing the highway by an overhanging or protruding load. In our opinion neither the first nor the third counts of the complaint states a cause of action against the defendant.

By his second cause of action plaintiff alleges that the vehicle in question was manufactured and sold by the defendant as a *new automobile* in this state after January 1, 1939, and then was and at the time of the accident was equipped with a decoration or radiator ornament *on top thereof* which extended and protruded to the front of the face of the radiator grille of said motor vehicle in violation of section 683 of the Vehicle Code of this State which provides in part as follows: "On and after January 1, 1939, no person shall sell any new motor vehicle, nor shall any person operate any motor vehicle sold as a new motor vehicle in this State after January 1, 1939, which is equipped with a *radiator cap* or *radiator ornament upon the top thereof* which extends or protrudes to the front of the face of the radiator grill of such motor vehicle." (Italics ours.)

It is plaintiff's contention that defendant's violation of the statute constitutes negligence as a matter of law and that but for its violation of the statute plaintiff would not have suffered the loss of his eye. We are of the opinion that the second count does not state a cause of action. ■ A violation of the statute does not create liability on the part of the person violating it except toward persons whom the statute was designed to protect. Unless the person injured is within the class of persons whom the statute was designed to protect and the hazard is one which the statute was designed to protect against, no liability arises out of its violation. (*Nunneley* v. *Edgar Hotel*, 36 Cal.2d 493, 497 [225 P.2d 497]; *Boronkay* v. *Robinson & Carpenter*, 247 N.Y. 365 [160 N.E. 400]; Shearman and Redfield on Negligence, vol. 1, § 12; 35 Cal.Jur.2d 504-507 and cases cited thereat.)

■ In the present case it is our opinion that the statute here was designed to decrease the hazard created by the

driving of said automobile upon the highways where its negligent operation might cause it to come in contact with others. It was not designed to protect those who, solely by reason of their own act or omission, might come in contact with it as an inert object lawfully standing unattended upon a highway.

The statute prohibits not only the sale of a car equipped in violation of the statute but its operation upon the highways of this state. Its violation therefore would impose liability only upon a lawful possessor of the car if he were operating it; i.e., if he were in actual physical control of the vehicle upon the highway. (Veh. Code, §§ 69, 70; *Fairman* v. *Mors*, 55 Cal.App.2d 216 [130 P.2d 448].) We do not believe it was the intent of the Legislature to impose liability on the manufacturer under conditions where it would not be imposed upon the possessor of the vehicle.

In our opinion the persons whom the statute was designed to protect are those against whom the vehicle might be brought in contact through its being driven upon a highway and the hazard which the statute was designed to alleviate was the hazard created by the pointed ornament when the car was in movement thus rendering the ornament capable through its own motion of piercing the anatomy of a person with whom the car collided.

The statute is a penal one and may not be construed so as to make unlawful an act not included within its terms. (23 Cal.Jur. 790-791.)

The statute prohibits the sale of a motor vehicle equipped with a radiator cap or a radiator ornament on the top thereof, that is, on the top of the cap, which extends or protrudes beyond the front or the face of the radiator grille. Plaintiff does not allege that the automobile in question was equipped with a radiator cap which so protruded or with a radiator ornament on top of a radiator cap which so protruded but alleges that the ornament was on top of the vehicle. That this was not unintentional is apparent from the allegations of the first cause of action where it is alleged that the ornament in question was on the front portion of the vehicle over the radiator, not upon the radiator. The facts pleaded did not, therefore, show a violation of the statute.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.