David Allen KAHN et al., Plaintiffs,

v.

CHRYSLER CORPORATION, Defendant.

Civ. A. No. 14553.

United States District Court
S. D. Texas,
Houston Division.

Sept. 17, 1963.

---

Leonard C. Kahn, Houston, Tex., for plaintiffs.

Baker, Botts, Shepherd & Coates, Ralph S. Carrigan, Houston, Tex., for defendant.

INGRAHAM, District Judge.

The case is before the court on defendant's motion for summary judgment. Suit was originally brought against Chrysler Corporation by David Allen Kahn, a minor, acting by and through his father and next friend, Leonard C. Kahn. Jurisdiction is founded on diversity of citizenship, the plaintiff being a citizen and resident of Texas, and the defendant being a foreign corporation licensed to do business in Texas.

The facts as follow are undisputed. On September 25, 1960, plaintiff, David Kahn, a minor of seven years age, was operating his bicycle on a street in Houston. While so doing, he drove the bike into the rear of a 1957 Dodge vehicle, manufactured and designed by the defendant. The child was thrown upon the vehicle, his right front temple region striking the left rear fin of the vehicle, and causing substantial injury to the minor. It is alleged, and this is the basis of the suit, that those injuries were proximately caused by the negligence of defendant, Chrysler Corporation, in creating and designing the vehicle "in such a manner that the fins of said vehicle were elongated and protruded past the remainder of the vehicle and made of sharp metal capable of cutting." It is

further alleged that the defendant knew, or reasonably should have known, that the fins of the 1957 vehicle would be capable of causing such injuries as those which occurred to the minor plaintiff.

Defendant moves for summary judgment under Rule 56, Federal Rules of Civil Procedure, the relevant parts of which are set out in footnote 1. It is clear that the court must first determine whether there is a genuine issue as to any material fact. Only after it has been affirmatively established by the movant that no such issue exists is the question reached of whether judgment should be granted as a matter of law. Plaintiff opposes the motion for summary judgment on the grounds that the question of whether or not the defendant was negligent in the manufacture and design of the vehicle is a sufficient disputed fact to defeat the motion. In short, there is no dispute over what occurred, but only over the legal significance of the occurrence.

■■ This is a diversity case, and as such the court must look to the substantive law of the state in which it sits. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Almost universally, whether or not certain actions constitute negligence is a fact question for the jury. Once the constituent elements are outlined, the factfinder is left the determination of this ultimate issue. However, it is also elementary law that if an act or omission be negligent it is because there has been some breach of duty, and if there is no duty, there can be no negligence. See, e. g., Stevens Funeral Home v. Busby, 336 S.W.2d 812 (Tex.Civ.App.1960); Toombs v. Wimberley, 320 S.W.2d 881 (Tex.Civ.App.1959). This threshold question of the existence of a duty is the first problem which must be resolved.

■ However, who is to determine if a duty exists? Is this a matter of law or a disputed fact question itself? Certainly there is disagreement in the instant case over whether or not the defendant had a duty to so design his vehicles that an accident like that under consideration could not happen. The very essence of plaintiff's complaint is that the defendant owed to the plaintiff a duty to manufacture an automobile with which it was safe to collide. But this is not sufficient to constitute a disputed fact issue, for this is a question of law to be determined by the court. Whether or not a legal duty exists on a given state of facts and circumstances so as to give rise to actionable negligence on breach thereof, as well as the nature and extent of the duty, if any, is always essentially a question of law. City of Austin v. Schmedes, 270 S.W.2d 442 (Tex.Civ.App.1954); City of Bryan v. Jenkins, 247 S.W.2d 925 (Tex.Civ.App. 1952).

This brings us to the final question— was there a duty in the instant case? If so, then there is the factual dispute over whether or not it was breached. On the other hand, if no duty exists, then the motion for summary judgment should be granted. There is no Texas case dealing explicitly with this problem. Muncy v. General Motors Corp., 357 S.W.2d 430 (Tex.Civ.App.1962), is perhaps the closest a Texas court has come to considering a manufacturer's duty in designing an automobile. That case was a personal injury action arising from an accident occurring when an automobile jumped the curb and pinned the plaintiff against a building while a passenger was attempting to leave the vehicle on the

1. "(b) A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

driver's side. Suit was filed against General Motors, and one of the grounds urged by plaintiff was that GMC was negligent for designing and constructing an automobile so that its key could be removed from the ignition without stopping the motor and while remaining in drive gear. The court rejected this argument, relying on the statement of manufacturer's liability in the Restatement of the Law of Torts, Sec. 395.[2] The court held that there was no showing that the car in question was dangerous if used properly and in the manner and for the purpose for which it was intended. Unquestionably there are numerous distinctions between the GMC case and the one presently under consideration. The significance is the scope of the duty which is implicit in the court's holding. That is, the duty of care is apparently felt to be concomitant with normal use and for the ordinary purpose of the vehicle.

A case extremely similar factually to the instant case arose in California, and the court dismissed the suit due to the absence of a duty owing to the plaintiff. This dismissal was upheld by the California Court of Appeals in Hatch v. Ford Motor Co., 163 Cal.App.2d 393, 329 P.2d 605 (1958). In that case, an automobile manufactured and assembled by Ford Motor Company was parked at the edge of a public street. The automobile had a pointed radiator ornament which protruded beyond the front part of the auto to which it was attached. The plaintiff, a minor of six years age, was proceeding on foot along the street, and collided with the front of the vehicle, with the result that the ornament pierced his left eyeball, causing the loss of that eye. Plaintiffs urged two causes of action, one being based on violation of a state statute, and the other being the same theory of recovery as is expressed in the instant case. The court rejected both theories,

and its language as to the latter is particularly relevant here:

"The facts here do not present the question as to whether defendant owed to the public a duty to so design its automobile as to lessen [the] severity of injuries that might be caused by it if it were negligently operated on the highways of this State but only the question as to whether it owed to the public, including the plaintiff, the duty above stated, i. e., to so design the vehicles sold by it as to prevent the type of injury sustained by the plaintiff when said automobile was at rest, properly parked upon the highway. Counsel for the plaintiff have not cited us to any authorities which uphold their contention that the defendant owed any such duty and our own research has not disclosed any."

■■ This court is in accord with the views of the California court, and feels that the Texas courts would hold likewise. This case would seem almost *a fortiori* when juxtaposed with the GMC case discussed earlier. Chrysler Corporation should not be required to anticipate all the possible ways in which a person may injure himself by falling against an automobile, nor should they have a duty to protect against such possible injuries. The duty of the automobile manufacturer extends to the ordinary use of the vehicle, and may even be such as to cover certain situations when the automobile is being negligently used. But the manufacturer has no obligation to so design his automobile that it will be safe for a child to ride his bicycle into it while the car is parked.

Defendant's motion for summary judgment will be granted. The clerk will notify counsel to draft and submit judgment accordingly.

2. "A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing substantial bodily harm to those who lawfully use it for a purpose for which it is manufactured

and to those whom the supplier should expect to be in the vicinity of its portable use, is subject to liability for bodily harm caused to them by its lawful use in a manner and for a purpose for which it is manufactured."