**Jayson OSWALD, a minor by Patricia K. THIES, individually and as mother and natural guardian of Jayson Oswald, Appellants,**

v.

**Nicholas W. LAW, Respondent.**

**No. C9–89–543.**

Court of Appeals of Minnesota.
Sept. 26, 1989.
Review Denied Nov. 15, 1989.

The camper was secured by a bar that was attached to the camper and had a small hole in the end and a turnbuckle hook which was attached to the truck. Law had inserted the hook through the hole so that it pointed upward. Two bars on each side of the truck protruded approximately six inches from the side of the truck bed and the hooks protruded one inch from the bar.

In October 1985, Jayson Oswald, then six years old, and his friend Jeffrey Thomas were riding their bicycles on 42 and ½ Avenue in Columbia Heights from Jeffrey's house to Jayson's house. Law's camper was parked legally on 42 and ½ Avenue. Jayson was riding in front of Jeffrey. Jayson turned to see where Jeffrey was and veered a little off to the side of the road. As he turned back toward the front of his bicycle, he either hit the corner of Law's truck or camper top and somersaulted over the handlebars of his bike. As he somersaulted, his mouth caught on the rear turnbuckle hook on Law's camper, and he suffered a large gash on the right side of his face. The gash left a large, permanent scar.

At trial, Michael Blood, an employee of a camper installation company, testified that when he and other employees used turnbuckle hooks, they attached them so that the points of the hooks pointed inward. He also testified that when he worked on homemade campers which had hooks pointed upward, he reversed the hooks so that they pointed downward and cautioned the customer. He admitted he did this mostly to protect clothing.

Upon the parties' agreement, respondent moved for a directed verdict before submission of Oswald's medical evidence. The trial court granted the motion on the basis that Law owed no duty to guard against such an unforeseeable injury.

Craig A. Merrill, Turback & Merrill, Plymouth, for appellants.

Graham N. Heikes, Kerry C. Koep, Jardine, Logan & O'Brien, St. Paul, for respondent.

Heard, considered, and decided by WOZNIAK, C.J., and HUSPENI and RANDALL, JJ.

## OPINION

WOZNIAK, Chief Judge.

This case arises as a result of injuries appellant Jayson Oswald sustained when his bicycle ran into a homemade camper owned by respondent Nicholas Law. The trial court granted a directed verdict for Law. Jayson and his mother Patricia K. Thies appeal from the judgment. We reverse and remand the case for trial.

### FACTS

In 1972, Law purchased and installed a homemade camper on top of his truck.

### ISSUE

Did the trial court err in determining as a matter of law that Law owed no duty to guard Jayson against injury from contact with hooks protruding from Law's vehicle?

## ANALYSIS

In reviewing a directed verdict, this court must make an independent determination as to whether the evidence presented at trial was sufficient to present a factual question for the jury. *Nemanic v. Gopher Heating & Sheet Metal, Inc.*, 337 N.W.2d 667, 669 (Minn.1983). We accept as true all evidence favorable to appellants and all reasonable inferences that can be drawn from the evidence. *Chemlease Worldwide Inc. v. Brace, Inc.*, 338 N.W.2d 428, 432 (Minn.1983). This court will uphold a directed verdict only if it clearly would be the duty of the trial court to set aside a contrary verdict as against the weight of the evidence or as contrary to law. *Nemanic*, 337 N.W.2d at 670. This court has previously stated that a trial court must be especially cautious before directing a verdict against plaintiff at the close of his case. *Elias v. City of St. Paul*, 350 N.W.2d 442, 444 (Minn.Ct.App.1984).

In order to establish that Law was negligent in having hooks protruding upward on his camper, appellants must show: (1) that Law owed a duty of reasonable care to Jayson; (2) that Law breached that duty; (3) that Law's breach of that duty caused injury to Jayson; and (4) that Jayson suffered injury. *Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149, 157 (Minn. 1982). Whether Law owed a duty of care to Jayson is a legal issue for the court to determine. *Gabrielson v. Warnemunde*, 443 N.W.2d 540 (Minn.1989); *Larson v. Larson*, 373 N.W.2d 287, 289 (Minn.1985); *Hellman v. Julius Kolesar, Inc.*, 399 N.W.2d 654, 656 (Minn.Ct.App.1987). On appeal, this court is not bound by the trial court's legal conclusions. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

Whether or not Law owed Jayson a duty depends on whether Jayson's injury was reasonably foreseeable or probable. *Lundgren v. Fultz*, 354 N.W.2d 25, 28 (Minn.1984); *Connolly v. Nicollet Hotel*, 254 Minn. 373, 381, 95 N.W.2d 657, 664 (1959).

> The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension.

*Connolly*, 254 Minn. at 381, 95 N.W.2d at 664 (quoting *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928)). *See also Lundgren*, 354 N.W.2d at 28. Although the question of duty is usually a legal issue for the court, in close cases, the issue of foreseeability is for the jury. *Connolly*, 254 Minn. at 385, 95 N.W.2d at 666; *Van Gordon v. Herzog*, 410 N.W.2d 405, 408 (Minn.Ct.App.1987). Law does not have to have foreseen the particular method in which the accident occurred. Rather, the possibility of an accident only needs to have been clear to the person of ordinary prudence. *Connolly*, 254 Minn. at 381–82, 95 N.W.2d at 664.

Based on the evidence at trial, we find that a jury may reasonably conclude that a person of ordinary prudence should have foreseen that Law's parking his camper on that street at that time would subject persons, such as the plaintiff in this case, to an unreasonable risk of bodily harm. Proof of such conduct will support a judgment against the respondent. Law attached his camper in such a way that not only did the bar protrude from the side of the truck, but the hooks he used to attach the camper protruded beyond the bars somewhat and pointed in an upward direction. Law testified that the area in which he parked the camper was residential. He further stated that there were a number of children residing in the neighborhood and, because there was no sidewalk on that street, the children would use the street to walk and ride their bicycles. Law also testified that he could foresee someone getting hurt on the hooks. Finally, appellants' expert at trial testified that when he utilized turnbuckle hooks, he would attach them so that the sharp points would be turned inward for safety reasons.

Respondent argues that the instant case is similar to *Sperr by Sperr v. Ramsey County*, 429 N.W.2d 315 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. Nov. 23, 1988), in which this court held that Ramsey County owed no duty to Sperr as a result of injuries he received when he ran into a low-hanging branch on property owned and maintained by Ramsey County. In *Sperr*, this court stated that because there were no sidewalks or pathways leading to the offending tree, Ramsey County had no reasonable basis to anticipate that a child would run into branches on the tree. *Id.* at 318.

Unlike the case in *Sperr*, however, the absence of sidewalks led the neighborhood children into using the street where Law's camper was parked. There are sufficient facts in the present case to find that Law should have foreseen that someone could come into contact with the hooks on his camper and be injured. In addition to the fact that Law's camper was parked on a public residential street and that the hooks on Law's camper were pointed in an upward direction, Law admitted that he could foresee someone getting hurt on the hooks. These facts sufficiently distinguish the instant case from *Sperr* such that it was error for the trial court not to submit the issue of foreseeability to the jury.[1]

## DECISION

Because there were sufficient facts introduced in appellants' case-in-chief for a jury to conclude that respondent's parked camper created an unreasonable risk of harm to Jayson Oswald, the trial court's grant of a directed verdict in favor of respondent is reversed and the matter is remanded for trial.

Reversed and remanded.

---

1. Law further argues that *Hatch v. Ford Motor Co.*, 163 Cal.App.2d 393, 329 P.2d 605 (1958), and other cases involving the design of motor vehicles are instructive in the instant case. These cases are different from the present case, however, in that they involve suits against manufacturers for negligent design rather than against operators of motor vehicles for negligent modification.